UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EVERETTE L. BLACK, JR.,

             Plaintiff,

v.                                            Case No. 3:22-cv-260-MMH-JBT

WARDEN GODWIN and
SERGEANT KISER,

             Defendants.

_____

## **ORDER**

### **I. Status**

Plaintiff Everette L. Black, Jr., an inmate in the custody of the Florida
Department of Corrections (FDOC), initiated this action on March 9, 2022, by
filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1) with
attachments.[1] In his Complaint, Black asserts claims pursuant to 42 U.S.C. §
1983 against Defendants Warden Godwin and Sergeant Kiser. He alleges that
Defendants violated his Eighth Amendment right to be free from cruel and
unusual punishment when they failed to protect him from another inmate's
attack at Columbia Correctional Institution (Columbia CI) on October 25,
2021. As relief, Black seeks compensatory and punitive damages. He also asks

---

[1] For all pleadings and documents filed in this case, the Court cites to the
document and page numbers as assigned by the Court's Electronic Case Filing
System.

that the Court transfer him to the federal Bureau of Prisons, or alternatively, to an FDOC Region III corrections facility. This matter is before the Court on Defendants' Motion to Dismiss (Motion; Doc. 10). Black filed a response in opposition to the Motion. See Plaintiff's Motion in Opposition to Defendants' Motion to Dismiss (Response; Doc. 16). Defendants' Motion is ripe for review.

## II. Plaintiff's Allegations

As to the specific underlying facts supporting his claims, Black avers that he was in the dormitory dayroom on the morning of October 25, 2021, and Kiser was assigned as a supervisor in the security station. Complaint at 4. He states that he saw inmate Allen Cashe (FDOC #E33535) stab inmate Saquin Scott (FDOC #N19231) with a homemade knife.[2] Id. He maintains that the incident lasted five minutes. Id. According to Black, Cashe left Scott bleeding on the floor, rushed towards Black, and stabbed Black below the left eye. Id. He alleges that Cashe chased him around the dayroom and yelled that he "was going to kill [Black]." Id. Black maintains that Kiser watched and "did nothing." Id. He suggests that Kiser should have called for additional security or deployed chemical agents to stop Cashe's assaultive behavior instead of

_____

[2] Scott also has a pending civil rights action based on the same incident. See Saquin Scott v. Warden Godwin and Sergeant Kiser, 3:22-cv-349-MMH-PDB (Fla. M.D.).

watching the events unfold for twenty minutes "with no action." Id. He states that Captain Teems eventually handcuffed Black and escorted him to the medical clinic. Id.

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference

3

that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to

4

sustain an action.'" <u>Campbell v. Air Jamaica Ltd.</u>, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting <u>GJR Invs., Inc. v. Cnty. of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), <u>overruled in part on other grounds as recognized in</u> <u>Randall</u>, 610 F.3d at 709).

## IV. Summary of the Arguments

In Defendants' Motion, Defendant Godwin asserts that Black's claims against him should be dismissed because (1) Black fails to state a plausible Eighth Amendment failure-to-protect claim against him, and (2) Godwin, as a supervisory official, is not liable under 42 U.S.C. § 1983. Motion at 3-6. Additionally, Defendants Godwin and Kiser argue that they are entitled to Eleventh Amendment immunity. <u>Id.</u> at 6-7. In response, Black asserts that he states plausible Eighth Amendment claims against Defendants and asks that the Court deny the Motion and set discovery deadlines. <u>See generally</u> Response.

## V. Analysis

### A. Eighth Amendment Failure to Protect

In the Complaint, Black asserts that Defendant Godwin, as the Warden, violated his Eighth Amendment right when he failed to protect him from the stabbing. Complaint at 3. He states that Godwin "allow[ed] [him] to be

assaulted without a proper and protective response from [Godwin's] subordinates." Id. Additionally, he asserts that Godwin did not fulfill his duties under the Florida Administrative Code, which provides that officers "are responsible for the search of inmates and the control of contraband (such as weapons)." Id. In the Motion, Godwin contends that Black neither alleges the existence of an excessive risk of inmate-on-inmate violence at the institution, nor that Godwin was personally involved in the incident. Motion at 5-6. In response, Black maintains that Godwin's failure to ensure that the institution is adequately staffed and that officers regularly search cells for contraband caused the incident. Response at 2-3.

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). It is "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." Id. at 828 (citations omitted). The deliberate indifference standard requires the plaintiff to demonstrate that the prison official "was subjectively aware" of a risk of harm; mere negligence is insufficient. Id. at 829, 835-36. The Eleventh Circuit has explained the requirement of deliberate indifference to a substantial risk of harm as follows:

To succeed on a failure-to-protect claim, a plaintiff must satisfy three elements. First, the plaintiff must show that [he] was "incarcerated under conditions posing a substantial risk of serious harm." Id. at 834, 114 S.Ct. 1970.[3] Second, the plaintiff must show that the "prison official [had] a sufficiently culpable state of mind," amounting to "deliberate indifference." Id. (internal quotation marks omitted). Third, and finally, the plaintiff must demonstrate causation—that the constitutional violation caused [his] injuries. Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014). . . .

. . . .

Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837, 114 S.Ct. 1970. "Deliberate indifference has two components: one subjective and one objective." Mosley v. Zachery, 966 F.3d 1265, 1270 (11th Cir. 2020) (internal quotation marks omitted). A prisoner must establish "both that [1] the defendant actually (subjectively) knew that [the prisoner] faced a substantial risk of serious harm and that [2] the defendant disregarded that known risk by failing to respond to it in an (objectively) reasonable manner." Id. (alterations adopted) (internal quotation marks omitted).

Cox v. Nobles, 15 F.4th 1350, 1357-58 (11th Cir. 2021), cert. denied, 142 S. Ct. 1178 (2022).

---

[3] Farmer v. Brennan, 511 U.S. 825 (1994).

7

Here, Black does not allege facts sufficient to permit the Court to draw the reasonable inference that Warden Godwin knew Black faced a substantial risk of serious harm and failed to protect him from it. In the Complaint, Black describes the incident as "sudden violence." Complaint at 4. According to Black, Cashe told Black that he stabbed him and Scott because they were the only inmates awake that morning, and therefore "chose" them as his exit "ticket" from Columbia CI. Id. Black does not assert that inmate-on-inmate attacks frequently occurred at Columbia CI, nor does he contend that Cashe previously threatened him, so that Warden Godwin would have had notice that a risk of harm existed. Although Black argues in his Response that Columbia CI has "a pervasive history and culture of stabbings and assaults," Response at 3, he may not amend his Complaint in a response to a motion to dismiss, see Fed. R. Civ. P. 7(b); Huls v. Llabona, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (noting that a plaintiff cannot raise new arguments in a response to a motion to dismiss and instead must seek leave to amend his complaint).[4] Upon review, the Court concludes that Black has not alleged facts sufficient to state a plausible Eighth

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Amendment claim for relief against Warden Godwin. As such, Defendants'
Motion is due to be granted as to Black's Eighth Amendment claim against
him.

## B. Supervisory Liability

Defendant Godwin contends that Black has failed to allege he personally
participated in the underlying constitutional violation, and therefore Black has
not pled facts sufficient to establish supervisory liability under 42 U.S.C. §
1983. Motion at 3-4. In response, Black argues that he specifically alleged in
the Complaint that Godwin's failure to ensure that his subordinates searched
inmates' cells resulted in Cashe's possession of the knife he used in the attack.
Response at 3. Insofar as Black raises a supervisory claim against Godwin, the
Eleventh Circuit has stated:

> "Supervisory officials are not liable under
> section 1983 on the basis of respondeat superior or
> vicarious liability." Belcher v. City of Foley, Ala., 30
> F.3d 1390, 1396 (11th Cir. 1994) (internal quotation
> marks and citation omitted). "The standard by which
> a supervisor is held liable in her individual capacity
> for the actions of a subordinate is extremely rigorous."
> Gonzalez, 325 F.3d at 1234 (internal quotation marks
> and citation omitted).[5] "Supervisory liability occurs
> either when the supervisor personally participates in
> the alleged constitutional violation or when there is a
> causal connection between actions of the supervising

---

[5] Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003).

official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

"The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" Cottone, 326 F.3d at 1360 (citation omitted).[6] "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. A plaintiff can also establish the necessary causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," Gonzalez, 325 F.3d at 1235, or that a supervisor's "custom or policy . . . resulted in deliberate indifference to constitutional rights," Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991).

Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008), overruled on other grounds by Randall, 610 F.3d at 709; see Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047-48 (11th Cir. 2014). In sum,

To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of

---

[6] Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003).

10

> widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct. See id. at 1328-29 (listing factors in context of summary judgment).[7] A supervisor cannot be held liable under § 1983 for mere negligence in the training or supervision of his employees. Greason v. Kemp, 891 F.2d 829, 836-37 (11th Cir. 1990).

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (per curiam).

Here, any supervisory claim against Warden Godwin fails because Black has not alleged sufficient facts to show that Godwin was personally involved in, or otherwise causally connected to, the alleged violation of his Eighth Amendment right. Black instead makes conclusory assertions that Warden Godwin failed to fulfill his duties pursuant to the Florida Administrative Code. Complaint at 3. As pled, his allegations amount to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Thus, the Defendants' Motion is due to be granted as to Black's supervisory claim against Warden Godwin.

### C. Eleventh Amendment Immunity

Next, Defendants Godwin and Kiser contend that, to the extent Black sues them in their official capacities for monetary damages, they are entitled to Eleventh Amendment immunity. Motion at 6-7. The Eleventh Amendment

---

[7] West v. Tillman, 496 F.3d 1321 (11th Cir. 2007).

provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It is well-settled that, in the absence of consent, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Papasan v. Allain, 478 U.S. 265, 276 (1986) (quotation omitted). The Eleventh Amendment also prohibits suits against state officials where the state is the real party in interest, such that a plaintiff could not sue to have a state officer pay funds directly from the state treasury for the wrongful acts of the state. Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999).

In Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (per curiam), the Eleventh Circuit noted:

> It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits. Quern v. Jordan, 440 U.S. 332, 340-45, 99 S.Ct. 1139, 1144-45, 59 L.Ed.2d 358 (1979). Furthermore, after reviewing specific provisions of the Florida statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended to encompass section 1983

12

suits for damages. <u>See</u> <u>Gamble</u>,[8] 779 F.2d at 1513-20.

Accordingly, in <u>Zatler</u>, the court found that the Secretary of the Florida Department of Corrections was immune from suit in his official capacity. <u>Id.</u> Here, the Court need not consider whether Defendant Godwin is entitled to Eleventh Amendment immunity in his official capacity because Black does not provide facts sufficient to state a plausible Eighth Amendment claim against him. To the extent Black seeks monetary damages from Defendant Kiser in her official capacity, the Eleventh Amendment bars suit. Accordingly, the Motion is due to be granted insofar as Black requests monetary damages from Defendant Kiser in her official capacity.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendants' Motion to Dismiss (Doc. 10) is **GRANTED** as to Black's (1) Eighth Amendment claim against Defendant Godwin; (2) supervisory claim against Defendant Godwin; and (3) claim for monetary damages against Defendant Kiser in her official capacity.

---

[8] <u>Gamble v. Fla. Dep't of Health & Rehab. Serv.</u>, 779 F.2d 1509 (11th Cir. 1986).

13

2.      Black's claims against Defendant Godwin are **DISMISSED without prejudice**. The Court **directs the Clerk** to terminate Warden Godwin as a Defendant in the case.

3.      Defendant Kiser shall respond to the Complaint (Doc. 1) **no later than January 25, 2023**. Upon the filing of Defendant's answer, the Court, by separate Order, will set deadlines for discovery and the filing of dispositive motions.

        **DONE AND ORDERED** at Jacksonville, Florida, this 15th day of December, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-1 12/14
c:
Everette L. Black, Jr., #364497
Counsel of Record

14