UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EVERETTE LEON BLACK, JR.,

    Plaintiff,

v.   Case No. 3:22-cv-260-MMH-SJH

SERGEANT KISER,

    Defendant.
_____

# ORDER

On December 4, 2024, the Court granted Defendant's Motion to Dismiss or for Summary Judgment and, the next day, the Clerk entered judgment in Defendant's favor.[1] (Docs. 73, 74.) Before the Court is Defendant's Motion for Taxation of Costs (Doc. 76; "Motion"), in which she seeks $454.38 for transcripts and $83.30 for copying/printing costs to be assessed against Plaintiff. Plaintiff opposes the Motion and argues he "has no way of pay[ing] such [costs]," because he is serving a twenty-year sentence, he is indigent, and he does "not own any assets period." (Doc. 77.)

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." The rule codifies the "venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen.*

---

[1] The only other Defendant, Warden Godwin, was dismissed from this case on December 15, 2022. (*See* Doc. 20.)

*Revenue Corp.*, 568 U.S. 371, 377 (2013). Taxable costs generally are limited to the items listed in 28 U.S.C. § 1920:

>(1) Fees of the clerk and marshal;
>
>(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>(3) Fees and disbursements for printing and witnesses;
>
>(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>(5) Docket fees under section 1923 . . . ; [and]
>
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 . . . .

As evident from § 1920, costs are "limited to relatively minor, incidental expenses" and "'almost always amount to less than the successful litigant's total expenses in connection with a lawsuit.'" *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (quoted authority omitted). "Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964), *disapproved of on another ground by Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442–43 (1987).

As the prevailing party, Defendant is entitled to an award of costs necessarily incurred in defending this action. First, regarding the sum of $454.38, Defendant provides a cost ledger and an invoice showing this expense was necessarily incurred for court reporting and transcription services pertaining to Plaintiff's deposition. (Doc.

76-1 at 2, 4; Doc. 81-1 at 2.) Plaintiff does not contest that this expense falls under § 1920. Thus, the Court grants Defendant's request. *See Nolen v. Fairshare Vacation Owners Ass'n*, No. 6:20-CV-330-PGB-EJK, 2022 WL 3136863, at *2 (M.D. Fla. May 26, 2022)[2] ("[A] deposition need not have actually been used in connection with a dispositive motion or at trial for its related fees to be taxable. . . . Rather, deposition costs are recoverable if the deposition related to an issue that was present at the time the deposition was taken." (internal citations omitted)), *report and recommendation adopted*, 2022 WL 3136843 (M.D. Fla. June 13, 2022).

Further, as to the sum of $83.30 for printing filings, such as notices of appearance, motions to dismiss and for summary judgment, answers, responses to motions, and furnishing video exhibits (*see* Doc. 76-1 at 5–12), "costs of copies of pleadings, correspondence, documents tendered to the opposing party and documents prepared for the court's consideration are recoverable." *Procaps v. Patheon Inc.*, No. 12-24356-CIV-GOODMAN, 2016 WL 411017, at *6 (S.D. Fla. Feb. 2, 2016) (citations omitted). Because the copies Defendant obtained and provided to Plaintiff were necessary to the proceedings, such costs are warranted.

Additionally, to the extent part of these costs were incurred for "discovery items" (Doc. 76-1 at 8), such costs are recoverable under 28 U.S.C. § 1920(4). *See*

---

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

*Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 813 (11th Cir. 2014) (per curiam)[3] ("Copies attributable to discovery are . . . recoverable under § 1920(4)." (internal citation and quotation marks omitted)); *Procaps*, 2016 WL 411017, at *6. This also applies to the CDs containing the videos of the incident from the penal institution. *See Biscayne Towing & Salvage, Inc. v. M/Y Backstage*, No. 13-20041-CIV-LENARD/GOODMAN, 2014 WL 12631667, at *2 (S.D. Fla. July 29, 2014) ("CD and DVD copies are also taxable under 28 U.S.C. § 1920(4). The paper, CD, and DVD copies were made for use at depositions, to comply with court-ordered production of case-related documents, or in preparation of trial." (citation omitted)), *report and recommendation adopted* (S.D. Fla. Dec. 3, 2014); *see also Walters v. Am. Coach Lines of Miami, Inc.*, No. 07-22000-CIV-UNGARO/SIMONTON, 2010 WL 11505279, at *6 (S.D. Fla. May 3, 2010) (allowing reimbursement for the costs of scanning documents and creating CDs/DVDs as reasonably necessary for use in the case), *report and recommendation adopted*, 2010 WL 11505449 (S.D. Fla. May 19, 2010). Therefore, Defendant is entitled to an award of costs in the total sum of $537.68.

Plaintiff urges the Court to consider his financial status in awarding costs. "[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Chapman v. AI Transp.*, 229 F.3d

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

1012, 1039 (11th Cir. 2000). Importantly, the Court has "limited discretion to consider a non-prevailing party's financial condition." *Id.* If the Court chooses to consider this factor, "it should require substantial documentation of a true inability to pay." *Id.* Here, the Court, in its discretion, declines to reduce the amount of costs based on Plaintiff's financial status.

Accordingly, it is

**ORDERED**:

1. Defendant's Motion (Doc. 76) is **GRANTED**.

2. The **Clerk** shall tax costs against Plaintiff in the amount of $537.68.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of April, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

JAX-11 4/4
c:
Everette Leon Black, Jr., #364497
Counsel of Record